■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY CHRISTIAN, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: Defendant's primary contention on appeal is that the testimony of the complaining witness was incredible as a matter of law. Testimony will be rejected as incredible as a matter of law when it is " 'impossible of belief because it is manifestly untrue, physically impossible, contrary to experience, or self-contradictory' *(People v Stroman,* 83 AD2d 370, 373). Credibility is best determined by the trier of fact who has the advantage of observing the witnesses and, necessarily, is in a superior position to judge veracity than an appellate court, which reviews but the printed record" *(People v Shedrick,* 104 AD2d 263, 274, *affd* 66 NY2d 1015, *rearg denied* 67 NY2d 758). Here, the essential aspects of the testimony of the complaining witness were corroborated by the testimony of the police who arrived at the scene as the burglary was in progress and by photographs of the scene which were admitted into evidence. The issue thus was essentially one of credibility which the court, in this bench trial, determined adversely to defendant. We find no basis to disturb the court's determination on credibility and find that the evidence viewed in the light most favorable to the People, supports defendant's conviction for burglary in the first degree.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY CHRISTIAN, Appellant. (Appeal No. 2.)—Judgment unanimously reversed on the law, plea vacated and matter remitted to Onondaga County Court for further proceedings

on the indictment. Memorandum: After defendant had been sentenced for burglary in the first degree as a predicate felony offender *(see, People v Christian,* 139 AD2d 896), the court informed defendant that, if he entered a plea of guilty to an outstanding charge of criminal contempt, the court would sentence him to a term of 1½ to 3 years to be served concurrently with the sentence just imposed. However, he told him that if he chose to go to trial, "I have to tack 1½ to 3 years on top of the sentence I have just imposed * * * If you go to trial, I have to do it consecutive, it is up to you. It makes it 1½ on top of that, 7½ to 15." Defendant then agreed to plead guilty to criminal contempt in the first degree and was sentenced to a concurrent term of 1½ to 3 years.

A defendant may not be induced to plead guilty by the threat of a heavier sentence if he decides to proceed to trial *(see, People v Elfe,* 18 NY2d 601; *People v Glasper,* 14 NY2d 893; *People v Picciotti,* 4 NY2d 340). "To capitulate and enter a plea under a threat of an 'or else' can hardly be regarded as the result of the voluntary bargaining process between the defendant and the People sanctioned by propriety and practice" *(People v Picciotti, supra,* at 344). Here, in offering defendant alternatives, the court misstated the law. If defendant had gone to trial on the contempt charge and been found guilty, it would have been within the court's discretion to sentence him concurrently with the sentence just imposed on the burglary (Penal Law § 70.25). The explicit threat of a higher sentence was coercive and requires that the plea be vacated. (Appeal from judgment of Onondaga County Court, Cunningham, J.—criminal contempt, first degree.) Present—Doerr, J. P., Denman, Boomer, Green and Lawton, JJ.