■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL CHRISTIANSEN, Appellant. [636 NYS2d 713] —Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Ontario County Court, Harvey, J.—Felony Driving While Intoxicated.) Present—Pine, J. P., Lawton, Wesley, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL C. STEWART, Appellant. [636 NYS2d 713] —Judgment unanimously affirmed. Memorandum: The contention of defendant that his sentence is unduly harsh or severe does not survive the voluntary, knowing and intelligent waiver of his right to appeal *(see, People v Allen,* 82 NY2d 761; *People v Beaner,* 219 AD2d 827; *People v Saunders,* 190 AD2d 1092, 1093, *lv denied* 81 NY2d 1019). (Appeal from Judgment of Niagara County Court, Fricano, J.—Criminal Mischief, 3rd Degree.) Present—Pine, J. P., Lawton, Wesley, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERMIN FANINI, Appellant. [635 NYS2d 896] —Judgment unanimously reversed on the law, plea vacated and matter remitted to Onondaga County Court for further proceedings on the indictment. Memorandum: Shortly before defendant entered his plea of guilty with a sentencing promise of 8 years to life, County Court stated to defendant, "Eight to life * * * What you would receive in the event of a conviction would be twenty-five". That statement constitutes coercion, rendering the plea involuntary and requiring its vacatur *(see, People v Glasper,* 14 NY2d 893; *People v Christian* [appeal No. 2], 139 AD2d 896, *lv denied* 71 NY2d 1024; *People v Beverly,* 139 AD2d 971). (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Pine, J. P., Lawton, Wesley, Davis and Boehm, JJ.