■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH A. DANIELS, Appellant. [668 NYS2d 127] —Judgment unanimously affirmed (*see, People v Saunders*, 190 AD2d 1092, 1093, *lv denied* 81 NY2d 1019). (Appeal from Judgment of Niagara County Court, Fricano, J.—Robbery, 2nd Degree.) Present—Denman, P. J., Pine, Wisner, Balio and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMIL W. CHANDLER, Appellant. [668 NYS2d 127] —Judgment unanimously affirmed. Memorandum: The contention of defendant that his sentence is unduly harsh or severe does not survive the knowing, intelligent and voluntary waiver of his right to appeal (*see, People v Allen*, 82 NY2d 761, 763; *People v Stewart*, 222 AD2d 1111, *lv denied* 87 NY2d 977). Because defendant failed to make a motion for permission to file and serve a *pro se* supplemental brief within 35 days of the mailing of assigned counsel's brief to him, defendant's request for permission to file a *pro se* supplemental brief is denied as untimely (*see*, 22 NYCRR 1000.13 [j]). (Appeal from Judgment of Niagara County Court, Hannigan, J.—Attempted Robbery, 1st Degree.) Present—Denman, P. J., Pine, Wisner, Balio and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REINALDO SANTOS, Appellant. [665 NYS2d 208] —Judgment unanimously affirmed. Memorandum: Defendant contends that his guilty plea was coerced because it was connected to the guilty pleas of his younger brothers and a cousin. Although connected pleas present concerns requiring special care, the record establishes that the plea was voluntarily, knowingly, and intelligently made; "the fact that it is linked to the prosecutor's acceptance of a plea bargain favorable to a third person does not, by itself, make defendant's plea illegal" (*People v Fiumefreddo*, 82 NY2d 536, 544). Here, defendant readily admitted his involvement in the crime and stated that he had sufficient time to discuss the case with counsel (*see, People v Fiumefreddo, supra*, at 546-547). Defendant further contends that Supreme Court improperly relied on transcripts of telephone conversations seized through the use of eavesdropping warrants. That issue was not raised in defendant's motion papers or at the hearing on the motion and thus has not been preserved for our review. (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Conspiracy, 2nd Degree.) Present—Denman, P. J., Pine, Wisner, Balio and Boehm, JJ.