■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
CARLTON WILSON, Appellant. [666 NYS2d 164] —Judgment,
Supreme Court, New York County (Murray Mogel, J., at hear-
ing; Harold Tompkins, J., at plea and sentence), rendered May
16, 1996, convicting defendant, upon his plea of guilty, of bail
jumping in the first degree and sentencing him, as a second
felony offender, to an indeterminate term of from 3½ to 7
years, unanimously reversed, on the law and the facts, the mo-
tion to vacate the plea granted, and the matter remanded for
further proceedings.

Defendant was charged with criminal possession of a con-
trolled substance in the third and seventh degrees. After fail-
ing to make a court appearance in connection with that indict-
ment, he was indicted for bail jumping in the first degree. The
two indictments were subsequently consolidated and a hearing
to suppress physical evidence was held. Defendant's motion to
suppress was denied, and, on the day jury selection was to
begin, he pled guilty as indicated above to cover all charges.
On this appeal, he contests the denial of his suppression mo-
tion, the denial of his application to retest at State expense the
drugs recovered and the denial of his motion to withdraw his
plea.

With respect to the suppression issue, we find that the hear-
ing court properly denied defendant's motion to suppress the
drugs recovered at the precinct during a search following a
lawful arrest. In addition, having pleaded guilty, defendant
waived his right to contest the motion court's refusal to order
the retesting of the drugs at State expense at a cost far in
excess of that permitted by statute (*see, People v Taylor*, 65
NY2d 1, 5).

We find, however, that defendant's motion to withdraw his
guilty plea should have been granted. On April 10th, the date
on which the plea was accepted, the parties appeared for the
first time before the court to which they had been sent for trial.
That court inquired as to the plea offer previously made to de-
fendant, whereupon the prosecutor set forth the terms of the
offer on the record. In response to the court's subsequent in-
quiry, the prosecutor stated that the minimum sentence avail-
able on a plea to the indictment would be consecutive terms of
from 4½ to 9 years on the drug count and 2 to 4 years on the
bail jumping count.

At that point, the court explained that, as it was newly as-

signed to the criminal term in New York County, it wanted to inform the parties of the following:

"It's my policy that should a defendant who is a predicate felon on a drug case go to trial and if that defendant is found guilty by the jury, that it is my policy to sentence the defendant to the high end of the sentencing chart which would be twelve-and-a half to twenty-five.

"That has been, and barring any unforeseen circumstances, will be my policy, subject, of course, to mitigating circumstances that might develop during the trial or in the probation report. And I think it's important that the defendant be aware of that policy. I'm not making the statement to suggest that a defendant not go to trial and exercise his or her constitutional rights. I'm just talking about sentencing guidelines."

The court then asked how long the offer would be available. The prosecutor replied that the offer would remain open only until he left the courtroom that afternoon, as jury selection was to commence the following morning.

After conferring with his attorney, defendant then pleaded guilty to bail jumping in the first degree with the promised sentence as indicated. The ensuing plea colloquy covered the standard inquiries and defendant made the appropriate responses. On the date set for sentencing, however, counsel informed the court that defendant wished to withdraw his plea. With the court's permission, defendant addressed the court directly, stating that he felt "coerced" into taking the plea because his attorney "kept telling me you were going to give me the maximum. So I felt pressured into taking the plea."

The court replied "[i]n fact I might have, had you gone to trial. Whether you're innocent or not, that would be up to the jury. Were they to find you guilty, you would be sentenced to substantially more than what was offered to you by the People." The court then asked both attorneys for their recollection of its statement with respect to sentencing after trial; both stated that the court had spoken of a possible sentence at the high end of that authorized by statute. Defense counsel recalled that the court told defendant of its "policy in cases like this to sentence near the top of the range," to which the court responded "I stand on that policy with a predicate felon, if there's a history of selling narcotics." Counsel then noted for the record that he joined in defendant's motion, although he made no additional argument.

After reviewing defendant's allocution, including his response that he had not been threatened or coerced into taking the plea, the court denied the motion and imposed the promised sentence.

Contrary to the People's argument that the court merely advised defendant of his potential exposure upon conviction after trial, the court's statement plainly did more than that. Notwithstanding the reference to possible "mitigating circumstances," the court advised defendant not just of the statutory sentencing guidelines but of its personal "policy" to sentence defendants such as himself (predicate felony offenders in drug cases) to the high end of the spectrum—12½ to 25 years—almost four times the sentence under the plea offer. This was effectively reiterated during the colloquy upon defendant's oral motion to withdraw his plea, when the court stated not that defendant *could* be "sentenced to substantially more" after trial, but that he *"would* be sentenced to substantially more." (Emphasis added.) The inescapable effect of the court's statement, under the circumstances in which the plea was taken, was to coerce defendant into pleading guilty, and we find, therefore, that the plea was not a voluntary one.

The statement made by the court in the instant case is clearly distinguishable from those cases where a court informs a defendant of the possible sentences available under the indictment (*see, e.g., People v Tien*, 228 AD2d 280, *lv denied* 88 NY2d 970; *People v Safa*, 209 AD2d 199, *lv denied* 84 NY2d 1038; *People v Clark*, 207 AD2d 709, *lv denied* 84 NY2d 934; *People v Stephens*, 188 AD2d 345, *lv denied* 81 NY2d 893). Indeed, in *People v Tien* (228 AD2d, *supra,* at 281), we observed that the record did not support defendant's claim that the court there had " 'threatened' to impose a greater sentence if defendant opted to go to trial". In the instant case, the court did not "threaten" to impose a greater sentence—it virtually promised to do so, according to its stated "policy" in such cases. Accordingly, defendant's motion to withdraw his plea should have been granted. Concur—Milonas, J. P., Rosenberger, Wallach, Nardelli and Rubin, JJ.