■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE HERNANDEZ, Appellant. [670 NYS2d 758] —Judgment, Supreme Court, New York County (Harold Tompkins, J.), rendered September 10, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance near school grounds, and sentencing him to concurrent terms of 8⅓ to 25 years, unanimously modified, on the facts and as a matter of discretion in the interest of justice, to reduce defendant's sentence to concurrent terms of 2 to 6 years, and otherwise affirmed.

Defendant was charged with acting in concert to sell two glassine envelopes of heroin to an undercover police officer. In light of the fact that this was defendant's first encounter with the criminal justice system, the People offered a pre-trial plea with a sentence of 6 months imprisonment and 4½ years probation, which the Trial Judge was willing to impose. Apparently to dissuade defendant from going to trial, the Judge told defendant that if he were convicted at trial, he would receive the maximum sentence, 8⅓ to 25 years.

Defendant presented the following mitigating factors at sentencing: his age (20 at the time of the crime, 21 at sentence), his lack of any prior criminal record (this was the defendant's first arrest), and the fact that he was employed and living with his common-law wife and their child. Prior to imposing sentence, the Judge incorrectly stated that school was in session and children were leaving their classes at the time of the sale. The police officer had, however, testified that there were no people in the school building and that he did not recall seeing anyone on the street. (The sale took place sometime after 4:20 P.M. on January 4, 1996.) The Judge imposed the maximum sentence permitted by law. Notably, the People recommended only a sentence of 3 to 9 years. Moreover, they concede on appeal that the sentence imposed was excessive.

The Judge, inexplicably, totally failed to consider mitigating factors that warrant a sentence lower than the maximum permissible (*People v Davis*, 196 AD2d 739). Accordingly, the sentence should be modified as excessive to the extent indicated. Concur—Lerner, P. J., Sullivan, Rosenberger, Nardelli and Andrias, JJ.