■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SUNG MIN, Appellant. [671 NYS2d 480] —Judgment, Supreme Court, New York County (Harold Tompkins, J.), rendered June 20, 1996, convicting defendant, upon his guilty plea, of criminal possession of a forged instrument in the second degree and sentencing him to five years probation, unanimously reversed, on the law, the guilty plea vacated, and the matter remanded for further proceedings.

The defendant, who had no prior criminal record, was indicted for two counts of criminal possession of a forged instrument in the second degree and criminal simulation. The instrument in question was a simulated or forged "rate card" for a

taxi. He pleaded not guilty and was released on his own recognizance. The Judge to whom the case was assigned for trial informed the defendant that, if he pleaded guilty, he would be sentenced to five years probation. He went on to advise the defendant that if he were convicted after trial, "under the sentencing guidelines * * * I would be constrained to sentence you to four and two-thirds of jail time". The court repeated that if the defendant were found guilty by a jury, his sentence would be a "minimum of four and two-thirds years incarceration up to fourteen years under the guidelines".

The statements of the Judge were completely incorrect. Four and two-thirds to fourteen years is not a mandatory sentence in this case. It represents, instead, maximum consecutive sentences for two counts of criminal possession of a forged instrument in the second degree, a class D felony (Penal Law § 70.00 [2] [d]; [3] [b]; § 170.25). The Judge told the defendant that this was required under "the guidelines". While there exist United States Sentencing Guidelines established by the United States Sentencing Commission, pursuant to 28 USC § 994, they apply exclusively to Federal Courts. There are no sentencing guidelines for New York State Courts. The court could have sentenced this first-time offender to probation (Penal Law § 65.00 [3] [a] [i]), a definite jail term, a fine, or an indeterminate sentence up to the maximum indicated by the Judge.

After a hearing, at which the defendant called no witnesses, his motion to suppress evidence was denied. The District Attorney asked the court to increase the defendant's bail. Defense counsel objected, noting that the defendant had appeared on each of the occasions when his case was on the calendar, that he had no criminal record and that he had close family ties, with members of his family having attended the court proceedings. No changed circumstances warranted what followed. The Judge remanded the defendant into custody on that Thursday, directing that the matter be ready for trial on Monday. When the defendant was returned to court on Monday, he pleaded guilty and was released from custody.

The defendant then retained new counsel, who filed a motion to withdraw the plea on the grounds that it was coerced. The Judge denied the motion and sentenced the defendant to five years probation.

Defendant's motion to withdraw his plea should have been granted. The record supports defendant's claim of coercion. It may be helpful, and not coercive, for a court to inform a defendant about the range of possible sentences he might face if convicted at trial (*People v Crafton*, 159 AD2d 271, 272, *lv*

*denied* 76 NY2d 733). However, a court wrongly burdens the defendant's exercise of his right to trial when it indicates he will receive the maximum sentence, or maximum consecutive sentences, after trial, but a significantly lighter sentence after a plea (*People v Wilson*, 245 AD2d 161; *People v Beverly*, 139 AD2d 971; *see also, People v [Eddie] Hernandez*, 248 AD2d 160). Such an error is, of course, all the more serious when the court's description of potential sentencing is inaccurate (*People v Christian* [appeal No. 2], 139 AD2d 896, 897, *lv denied* 71 NY2d 1024).

The situation was only made worse by the court's decision to remand the defendant to custody after he refused to plead guilty. The defendant had strong family ties, had no prior criminal record and had a perfect attendance record at court. It is an incongruous result that because the defendant maintained he was not guilty, he was sent to jail. Only upon pleading guilty was he released from jail. As is apparent from the foregoing, the remand was only one among several errors that rendered the plea involuntary, thus warranting reversal. Concur—Rosenberger, J. P., Rubin, Williams, Tom and Saxe, JJ.