THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROCKY AKRIDGE, Appellant. [678 NYS2d 258] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered May 4, 1995, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the fifth degree and attempted forgery in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 1½ to 3 years, unanimously affirmed.

Defendant's claim that his plea was coerced by the court's discussion of potential sentences is not preserved as a matter of law since defendant did not move to withdraw the plea or to vacate the judgment of conviction (*People v Ramirez*, 196 AD2d 775, *lv denied* 82 NY2d 852), and we decline to review this claim in the interest of justice. Were we to review this claim, we would find that it was not coercive for the court to inform defendant that he faced consecutive sentences if he went to trial on two separate indictments (*compare, People v Green*, 240 AD2d 513, *lv denied* 90 NY2d 940, *with People v Sung Min*, 249 AD2d 130).

The record establishes that defendant received meaningful representation on both indictments (*see, People v Ford*, 86 NY2d 397, 404), notwithstanding the fact that counsel was not formally appointed as to one of the indictments until after the plea was taken. Concur—Sullivan, J. P., Nardelli, Rubin, Tom and Mazzarelli, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL GONZALEZ, Also Known as ERIVELDO GONZALEZ, Appellant. [678 NYS2d 259] —Judgment, Supreme Court, New York County (Peter Benitez, J.), rendered March 6, 1995, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Defendant's guilty plea constituted a forfeiture of his statutory speedy trial claims (*see, People v O'Brien*, 56 NY2d 1009). Moreover, at the time of his plea, defendant expressly withdrew his speedy trial motion. Concur—Sullivan, J. P., Nardelli, Rubin, Tom and Mazzarelli, JJ.