■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON WILSON, Appellant. [702 NYS2d 807] —Judgment, Supreme Court, New York County (Felice Shea, J., on speedy trial motions; William Leibovitz, J., at jury trial and sentence), rendered June 19, 1998, convicting defendant of criminal possession of a controlled substance in the third degree and bail jumping in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years and 3½ to 7 years, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There was ample evidence of possession of drugs with intent to sell, including the quantity of drugs (*see, People v Alvino*, 71 NY2d 233, 245), the manner in which the drugs were packaged, and the circumstances under which they were recovered.

Defendant's speedy trial motion was properly denied. Pursuant to CPL 30.30 (5) (a), periods of delay that occurred prior to this Court's reversal of defendant's original judgment of conviction (245 AD2d 161, *lv denied* 91 NY2d 946) are not part of the speedy trial computations. Contrary to defendant's argument, we conclude that this statutory rule applies without regard to the reason for the reversal of the first conviction. In any event, even if we were to consider delay occurring prior to the original conviction, we would still find no speedy trial violation.

The sentence imposed did not penalize defendant for invoking his right to appeal his original conviction. There is no constitutional violation involved where a heavier sentence is imposed following trial than was imposed after an earlier conviction, thereafter reversed, based upon a guilty plea (*People v Miller*, 65 NY2d 502, *cert denied* 474 US 951). Moreover, defendant's trial conviction included a higher category of felony than his plea conviction, and he received the minimum sentence authorized by law for the greater offense. Concur—Rosenberger, J. P., Ellerin, Wallach and Saxe, JJ.