■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YAKIM ALI, Appellant. [717 NYS2d 114] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered January 22, 1997, convicting defendant, upon his plea of guilty, of assault in the first degree, and sentencing him to a term of 5 to 10 years, reversed, on the law, the plea vacated, and the matter remanded for further proceedings.

The Trial Judge's stated intent to impose the maximum sentence after trial, coupled with his biased remarks about the merits of the case, created a coercive environment that rendered the plea involuntary (*see, People v Wilson*, 245 AD2d 161, *lv denied* 91 NY2d 946). While the People contend that the issue is unpreserved because defendant did not make a formal motion to withdraw his plea, defendant preserved his exception when he appeared for sentencing, saying: "I want my rights to be reserved for the appeal of this case because I feel as though you wasn't being fair in my case and I want this to be down on appeal, even though I feel more or less I'm being forced to cop out, because I really didn't want to cop out. But under the circumstances I felt I had no choice." In light of the denial of defendant's recusal motion, a motion asking the same Judge to vacate the plea on the same ground as the recusal motion would have been futile.

Defendant was charged with assault in the first and second degrees, leaving the scene of an accident without reporting, and criminal possession of stolen property in the third degree, based on allegations that defendant was fleeing from the police in a stolen car when he drove onto the sidewalk and injured a pedestrian. Upon hearing these allegations at the initial bench

conference, the Judge remarked that his daughter Julia had been injured in a similar incident some years previously. He declared that he would remember the facts of defendant's case by designating it "Julia's case" in his notes. The Judge stated that he would not consider a sentence other than the maximum sentence if the case went to trial (even though the People had not asked for the maximum). In addition, he would keep the instant case for himself rather than allowing it to be assigned from his calendar part to another Judge for trial.

Defense counsel made a recusal motion, which was denied. At the hearing on the motion, the Judge assured the parties that he could be fair. In explaining his prior statements, he said that his daughter's accident had made him realize "how serious this kind of behavior is when people who are fleeing from the police drive at high speeds and hit pedestrians. * * * Additionally, I felt that given the seriousness of the charge, the aggravating circumstances attended upon the flight therefrom and the defendant's prior criminal history, as well as the fact that there was another co-defendant separately charged who was also armed with a weapon, a loaded revolver; that this should be a maximum time case." Yet, defendant had no "prior criminal history"; this was his first arrest. Before the testimony at a pre-trial hearing was complete, defendant chose to plead guilty and was sentenced to 5 to 10 years.

It is impermissibly coercive for a trial court to tell a criminal defendant that it will impose the maximum sentence if he is convicted after a trial (*People v Fanini*, 222 AD2d 1111; *People v Beverly*, 139 AD2d 971). When a court announces a blanket policy of imposing the maximum sentence for a certain type of crime, regardless of any mitigating evidence that may develop at trial, a defendant may feel he has no choice but to plead guilty. "The inescapable effect of the court's statement, under the circumstances in which the plea was taken, was to coerce defendant into pleading guilty, and we find, therefore, that the plea was not a voluntary one" (*People v Wilson, supra*, at 163). The Judge's remarks on the similarity between this case and his daughter's unfortunate accident also gave the impression that he had already decided the facts of the case against defendant (*see, People v Glendenning*, 127 Misc 2d 880, 884 [Judge's stated bias against drunk drivers cast doubt on her ability to preside over DWI trial]; *People v Greenfield Constr. Co.*, 48 AD2d 765, 766 [Judge's remarks improperly suggested that he had prejudged the facts]). This further discouraged defendant from exercising his right to a trial.

Moreover, the court in the instant case "inexplicably, totally

failed to consider mitigating factors that warrant a sentence lower than the maximum" (*People v Hernandez*, 248 AD2d 160), namely defendant's lack of a prior criminal record. Indeed, the court's description of the aggravating factors gave the impression that the court mistakenly viewed defendant as a repeat offender. For all these reasons, defendant should be allowed to withdraw his guilty plea. Concur—Rosenberger, J. P., Ellerin and Saxe, JJ.

Nardelli and Andrias, JJ., dissent in a memorandum by Andrias, J., as follows: I would affirm.

The court properly exercised its discretion in denying defendant's motion for recusal made on the ground that it had allegedly displayed bias toward him (*see, People v Moreno*, 70 NY2d 403). The court's remark at a bench conference with counsel that it appreciated the seriousness of the charges against defendant, particularly because of a personal experience involving a family member, did not reflect bias. Rather, such opinion of the case was clearly based on facts learned through the court's adjudicatory functions and its own experience.

Despite its erroneous statement regarding defendant's criminal record, the court's initial evaluation, that the case might warrant maximum time, reflected not bias toward defendant, but a reasonable view of the serious nature of the case and the overwhelming proof of guilt. As the court noted, the defendant, driving a car which had been reported stolen at gunpoint a month earlier in New Jersey, was involved in a high speed chase resulting in property damage and serious physical injury to a pedestrian who had his leg almost severed, was hospitalized for over 30 days and, at the time of defendant's plea, still walked with a cast. The codefendant passenger, while not charged with the actual carjacking, was armed with a loaded pistol.

In addition, since defendant, who was represented by counsel, made no motion to withdraw his plea, his present claim, that the court's remark and refusal to recuse itself months earlier coerced the plea, is unpreserved as a matter of law (*People v Butler*, 200 AD2d 515, *lv denied* 83 NY2d 850). Indeed, this Court, as recently as 1998, has held that even where a request to vacate a plea might have merit, it was unpreserved for our review absent a motion to withdraw the plea (*People v Wallace*, 247 AD2d 257, 259). While I would decline to review defendant's present claim in the interest of justice, even were I to do so, I would find it without merit.

Defendant has not established that the court's alleged bias

had any effect on the outcome of his case. Despite the assertion of defense counsel, in support of defendant's recusal motion, that the court "stated that the only sentence it would consider was the maximum permissible by law," defendant was able to negotiate a fair and reasonable (mid-range) sentence.

The two Fourth Department cases cited by the majority are clearly distinguishable inasmuch as they involved instances where, immediately before defendant entered his plea of guilty, the trial court stated that " 'if we have to go to trial and work,' " the maximum permissible sentence would probably be imposed " 'on top of' " the sentence for another crime (*People v Beverly*, 139 AD2d 971) and, shortly before defendant entered his plea of guilty with a sentencing promise of eight years to life, the court stated: " 'Eight to life * * * What you would receive in the event of a conviction would be twenty five' " (*People v Fanini*, 222 AD2d 1111).

This case is also clearly distinguishable from *People v Wilson* (245 AD2d 161, 162, *lv denied* 91 NY2d 946), where the court announced a blanket policy of sentencing predicate felons who go to trial on a drug case to " 'the high end of the sentencing chart,' " after which the defendant was told that the plea offered by the prosecution would only be available that afternoon and that the trial was to commence the following morning.

Here, the allegedly biased remarks were made on September 11, 1996, the defendant's recusal motion was denied on October 9, 1996 and then, on December 11, 1996, three months to the day after such remarks, even though the court had also stated that there would be no plea offer once hearings began, defendant was allowed to advance the case for plea after receiving *Rosario* material and hearing the first day of testimony of the prosecution witnesses. Rather than proceeding with the rest of the hearing and trial, defendant chose to plead guilty in return for the promised sentence of five to ten years. During the plea allocution, in addition to his admissions regarding the injuries to the victim, defendant was specifically asked if he had been threatened or coerced "in any way." He answered in the negative and affirmed that he was pleading guilty of his own free will.

Finally, there was no abuse of sentencing discretion given the seriousness of the victim's injuries.