(October 24, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP STEVENS, Appellant. [748 NYS2d 589] —Judgment,

Supreme Court, New York County (Edwin Torres, J.), rendered February 11, 1998, convicting defendant, after a guilty plea, of attempted burglary in the second degree, and sentencing him, as a predicate felon, to a term of 12 years to life, unanimously reversed, on the law, the plea vacated and the matter remanded for further proceedings.

Initially, we uphold the suppression determination, since the police officers had a reasonable suspicion to stop and briefly detain defendant, who fit the general description of the intruder provided by the building superintendent, as he was leaving the building.

However, defendant correctly contends that he should have been permitted to withdraw his guilty plea, because he was coerced into accepting the plea and forfeiting his right to trial by the court's assertion that if he declined the offered plea and was convicted at trial, the judge would sentence him to the maximum term possible.

The trial court, in the course of plea negotiations, told defendant, "Mr. Stevens, I repeat, once we go forward, there will be no turning back. If you're convicted after trial, given the circumstances of this case under which you were apprehended and the nature of your record, 25 to life, that's what you're going to get." This statement was more than a description of the full range of possible sentences, as the People suggest (*see People v Cornelio*, 227 AD2d 248, *lv denied* 88 NY2d 982). It was the type of outright coercion that has repeatedly been held to be impermissible (*see People v Ali*, 277 AD2d 138, *revd on other grounds* 96 NY2d 840; *People v Sung Min*, 249 AD2d 130; *People v Wilson*, 245 AD2d 161, *lv denied* 91 NY2d 946; *People v Fanini*, 222 AD2d 1111; *People v Beverly*, 139 AD2d 971; *People v Hollis*, 74 AD2d 585, *lv denied* 49 NY2d 1004). The judge did not impart a reasonable assessment of the sentencing prospects in the event of a conviction. It first unequivocally stated that upon a conviction, the maximum sentence would be imposed. Then, as defendant discussed the offer with his legal advisor, the court reminded defendant that if he was convicted after trial, the "parameters" would "double" since he would "literally" get a life sentence.

The court's remarks clearly violate this Court's ruling in *People v Sung Min* (249 AD2d 130, 132), that "a court wrongly burdens the defendant's exercise of his right to trial when it indicates he will receive the maximum sentence, or maximum consecutive sentences, after trial, but a significantly lighter sentence after a plea."

Additionally, defendant correctly contends that the court

failed to comply with the statutorily mandated procedures for adjudicating him a predicate felon. Although during the plea discussions the court assured defendant that he would have an opportunity to challenge his predicate status at sentencing, the court actually sentenced defendant without allowing him to challenge the constitutionality of his prior convictions. When defendant interrupted the proceedings in an attempt to present his challenge to the New York conviction on grounds of ineffective assistance of counsel, the court not only summarily dismissed the allegation without giving him an opportunity to be heard, but erroneously informed him that the proper forum for his claim was the appellate court. Furthermore, defendant's efforts to interpose his constitutional challenge were effectively frustrated by the contrary view expressed in open court by his legal advisor to the effect that defendant's prior New York conviction was constitutional (*see People v Rozzell*, 20 NY2d 712). Therefore, even if defendant's guilty plea were not being vacated, the sentence would be vacated and the matter remanded for resentencing. Concur—Williams, P.J., Tom, Saxe, Friedman and Marlow, JJ.