■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAJ RICHARDS, Appellant. [792 NYS2d 79]—

Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered July 16, 2003, convicting defendant, upon his plea of guilty, of attempted rape in the first degree, and sentencing him to a term of four years, unanimously reversed, on the law and the facts, the plea vacated and the matter remanded for further proceedings.

Before sentencing, defendant, represented by new counsel, moved to withdraw his guilty plea. Defendant alleged that, in an off-the-record conference, the judge had threatened to impose a maximum sentence of 15 years if defendant were convicted after trial. Such a threat, which goes beyond a description of the possible sentencing exposure, has repeatedly been held impermissibly coercive (*see e.g. People v Stevens,* 298 AD2d 267 [2002], *lv dismissed* 99 NY2d 585 [2003]; *People v Sung Min,* 249 AD2d 130 [1998]). Defendant's factual allegations were supported by the detailed affidavit of his former counsel as to the threat, which was not denied by the prosecutor alleged to have been present at the conference, or by the judge, who had "no recollection of ever issuing any threats." The judge's only other contribution to the discussion was his assumption that in a plea bargaining session a "minimum 3½ years to a maximum of 15 years" would have been a "fit subject" of discussion, and would also involve showing defendant a sentence chart.

It should be noted that nothing in defendant's plea allocution directly contradicted his current claims. While ordinarily such a claim would warrant a hearing (*see People v Glasper,* 14 NY2d 893 [1964]), at which the plea-taking judge would be called as a witness, in the circumstances presented, such a hearing would shed no further light. Left unchallenged is the former attorney's sworn assertion that the court threatened defendant with a 15-year sentence in the event of a guilty verdict. Defendant was entitled to withdraw his plea. Concur—Tom, J.P., Marlow, Sullivan, Nardelli and Williams, JJ.