■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH ROGERS, Appellant. [979 NYS2d 673]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered October 26, 2009, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the plea of guilty is vacated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

In order to be valid, a plea of guilty must be entered voluntarily, knowingly, and intelligently (*see People v Mox*, 20 NY3d 936, 938 [2012]; *People v Hill*, 9 NY3d 189, 191 [2007]; *People v Fiumefreddo*, 82 NY2d 536, 543 [1993]). Where a court merely makes remarks regarding a defendant's sentence exposure in the event he were to be convicted after trial, the remarks are properly deemed informative, not coercive (*see People v Solis*, 111 AD3d 654 [2013]; *People v Bravo*, 72 AD3d 697, 698 [2010]; *People v Robinson*, 64 AD3d 1248 [2009]; *People v Pagan*, 297 AD2d 582 [2002]; *People v Cornelio*, 227 AD2d 248 [1996]). However, "[a] defendant may not be induced to plead guilty by the explicit threat of a heavier sentence should he choose to proceed to trial" (*People v Hollis*, 74 AD2d 585, 585 [1980]).

Here, the Supreme Court's remarks that it would have "no problem" imposing the maximum sentence if the defendant were convicted after trial, which "[would] be basically the end of [the defendant's] life," were impermissibly coercive, rendering the defendant's plea involuntary (*see People v Santiago*, 71 AD3d 703 [2010]; *People v Fisher*, 70 AD3d 114 [2009]; *People v Flinn*, 60 AD3d 1304 [2009]; *People v Richards*, 17 AD3d 136 [2005]; *People v Stevens*, 298 AD2d 267 [2002]; *People v Fanini*, 222 AD2d 1111 [1995]; *People v Beverly*, 139 AD2d 971 [1988]; *People v Griffith*, 80 AD2d 590 [1981]; *People v Hollis*, 74 AD2d at 585). Accordingly, we vacate the defendant's plea of guilty and remit the matter to the Supreme Court, Queens County, for further proceedings on the indictment.

In light of our determination, we need not reach the defendant's remaining contentions, including those raised in his pro se

supplemental brief. Mastro, J.P., Rivera, Sgroi and Cohen, JJ., concur.