# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**9**

**KA 10-01372**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, CARNI, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

JAYSON M. KELLEY, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF
COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MARIA MALDONADO
OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------

        Appeal from a judgment of the Onondaga County Court (Anthony F.
Aloi, J.), rendered June 3, 2010.  The judgment convicted defendant,
upon his plea of guilty, of burglary in the first degree and robbery
in the first degree.

        It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law, the plea is vacated, and the matter
is remitted to Onondaga County Court for further proceedings on the
indictment.

        Memorandum:  Defendant appeals from a judgment convicting him
upon his plea of guilty of burglary in the first degree (Penal Law §
140.30 [2]) and robbery in the first degree (§ 160.15 [3]).  Pursuant
to the terms of the plea agreement, County Court imposed concurrent,
determinate terms of incarceration of 20 years.  Defendant contends
that the court erred in denying his motion to withdraw his guilty plea
on the ground that it was coerced by the court's statements concerning
the potential terms of incarceration in the event that he was
convicted following a trial.  We agree with defendant that "the
court's statements do not amount to a description of the range of
potential sentences but, rather, they constitute impermissible
coercion, 'rendering the plea involuntary and requiring its vacatur' "
(*People v Flinn*, 60 AD3d 1304, 1305; *see People v Fanini*, 222 AD2d
1111, 1111).  In light of our decision, we do not address defendant's
remaining contentions.

Entered:  February 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court