People v Sanabria (2018 NY Slip Op 00316)





People v Sanabria


2018 NY Slip Op 00316


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
L. PRISCILLA HALL
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2007-06298
 (Ind. No. 5/07)

[*1]The People of the State of New York, respondent,
v
Christina Sanabria, appellant.


Covington & Burling LLP, New York, NY (Alan Vinegrad, Gregory S. Nieberg, Daniel A. Nazar, and Jordan S. Joachim of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Bridget Rahilly Steller of counsel), for respondent.
Bruce A. Petitio, Poughkeepsie, NY, former appellate counsel.



DECISION & ORDER
Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated June 17, 2008 (People v Sanabria, 52 AD3d 743), affirming a judgment of the County Court, Dutchess County, rendered June 15, 2007.
ORDERED that the application is granted and the decision and order of this Court dated June 17, 2008, is vacated; and it is further,
ORDERED that the judgment is reversed, on the law, the plea of guilty is vacated, and the matter is remitted to the County Court, Dutchess County, for further proceedings on the indictment.
Pursuant to the terms of the subject plea agreement, the defendant pleaded guilty to assault in the first degree and two counts of assault in the second degree in satisfaction of an indictment charging her with assault in the first degree, five counts of assault in the second degree, and endangering the welfare of a child, and the County Court imposed concurrent terms of imprisonment of 23 years for the assault in the first degree count, and 7 years for each of the assault in the second degree counts. During discussions regarding the People's plea offer, the court initially advised the defendant that she faced a "total maximum [of] 60 years in state prison." Although the court acknowledged that a "cumulative sentencing statute . . . would reduce that to probably between 30 and 40," it later advised the defendant that "[i]f you are facing 60 years in state prison with all these counts of assault on a seven month old child then you need to discuss that offer very carefully with [defense counsel] and follow his advice." After defense counsel advised the court that the defendant did not accept the People's plea offer, the court told the defendant, "[t]hat's fine. That's what we do here. We do trials. A case like this I would almost rather have a trial than have a plea bargaining. If this is all true there is no [sentence] short of the maximum that's appropriate that's the problem with the case. If it isn't true then the jury will so decide. That's not up to me." Later [*2]that afternoon, the defendant accepted the People's plea offer.
"In order to be valid, a plea of guilty must be entered voluntarily, knowingly, and intelligently" (People v Rogers, 114 AD3d 707, 707). Although a court may properly comment during plea negotiations regarding a defendant's sentencing exposure upon conviction after trial, it may not explicitly threaten to sentence a defendant to the maximum term upon conviction after trial (see People v Licausi, 122 AD3d 771, 773; People v Rogers, 114 AD3d at 707; People v Santiago, 71 AD3d 703, 704; People v Griffith, 80 AD2d 590, 590). Under the circumstances of this case, former appellate counsel was ineffective in failing to raise the issue that the defendant's plea of guilty was coerced by the County Court's comments (see People v Turner, 5 NY3d 476, 481-483; People v Morales, 108 AD3d 574, 575-576). Since the court's remarks were impermissibly coercive, the defendant was entitled to vacatur of her plea of guilty.
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., HALL, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court