People v Terwilliger (2020 NY Slip Op 02422)





People v Terwilliger


2020 NY Slip Op 02422


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, WINSLOW, AND BANNISTER, JJ.


384 KA 19-00991

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHANNON E. TERWILLIGER, DEFENDANT-APPELLANT.






CHARLES A. MARANGOLA, MORAVIA, FOR DEFENDANT-APPELLANT.
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered March 19, 2019. The judgment convicted defendant, upon her plea of guilty, of attempted burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her, upon her plea of guilty, of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). Defendant's contention that County Court's Molineux ruling constituted an abuse of discretion is forfeited by her guilty plea (see People v Sapp, 147 AD3d 1532, 1534 [4th Dept 2017], lv denied 29 NY3d 1086 [2017]). Contrary to defendant's further contention, she validly waived her right to appeal (see generally People v Thomas, — NY3d &mdash, &mdash, 2019 NY Slip Op 08545, *4 [2019]). Defendant's valid waiver of the right to appeal forecloses our review of her challenges to the court's denial of her request for a Wade/Rodriguez hearing (see People v Rohadfox, 175 AD3d 1813, 1814 [4th Dept 2019], lv denied 34 NY3d 1019 [2019]), and to the severity of her sentence (see People v Lopez, 6 NY3d 248, 255 [2006]).
Although defendant's contention that her guilty plea was not voluntarily, knowingly, and intelligently entered survives the waiver of the right to appeal (see People v McKay, 5 AD3d 1040, 1041 [4th Dept 2004], lv denied 2 NY3d 803 [2004]), that contention is unpreserved for our review because defendant failed to move to withdraw her guilty plea or to vacate the judgment of conviction (see People v Jimenez, 177 AD3d 1326, 1326 [4th Dept 2019], lv denied 34 NY3d 1078 [2019]; People v Reddick, 175 AD3d 1788, 1789 [4th Dept 2019], lv denied 34 NY3d 1162 [2020]), and "nothing on the face of the record calls into question the voluntariness of the plea or casts significant doubt upon defendant's guilt" (People v Karlsen, 147 AD3d 1466, 1468 [4th Dept 2017], lv denied 29 NY3d 1082 [2017]; see generally People v Lopez, 71 NY2d 662, 666 [1988]).
Defendant's further contention that she was denied effective assistance of counsel does not survive her plea of guilty or her waiver of the right to appeal because she "failed to demonstrate that the plea bargaining process was infected by [the] allegedly ineffective assistance or that [s]he entered the plea because of [her] attorney['s] allegedly poor performance' " (People v Lugg, 108 AD3d 1074, 1075 [4th Dept 2013]; see People v Babagana, 176 AD3d 1627, 1627 [4th Dept 2019], lv denied 34 NY3d 1075 [2019]).
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court