People v Goodwin (2021 NY Slip Op 07418)





People v Goodwin


2021 NY Slip Op 07418


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND BANNISTER, JJ.


1016 KA 20-01571

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TERICK R. GOODWIN, DEFENDANT-APPELLANT. 






CAITLIN M. CONNELLY, BUFFALO, FOR DEFENDANT-APPELLANT. 
LEANNE K. MOSER, DISTRICT ATTORNEY, LOWVILLE, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Lewis County Court (Daniel R. King, J.), rendered July 19, 2019. The judgment convicted defendant, upon a plea of guilty, of predatory sexual assault against a child (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed as a matter of discretion in the interest of justice, the plea is vacated, and the matter is remitted to Lewis County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of two counts of predatory sexual assault against a child (Penal Law § 130.96). During a court appearance at which County Court extended a plea offer that called for an aggregate sentence of 15 years to life imprisonment, the court informed defendant that "my policy is if a defendant gets convicted at trial, that means that individual has not accepted responsibility for the conduct that they've been convicted of, and . . . [i]n all likelihood the sentence [after trial] would not even be close to the 20 years [to life sought by the People], it would be much more — — many more years and you are looking at a potential [of] 100 years to life." The court issued a virtually identical admonition at the next appearance, and defendant subsequently accepted the court's offer of 15 years to life imprisonment.
Under the circumstances, we agree with defendant that the court's statements during plea negotiations did "not amount to a description of the range of the potential sentences but, rather, they constitute[d] impermissible coercion, 'rendering the plea involuntary and requiring its vacatur' " (People v Flinn, 60 AD3d 1304, 1305 [4th Dept 2009]; see People v Rogers, 114 AD3d 707, 707 [2d Dept 2014], lv denied 23 NY3d 1067 [2014]; People v Wilson, 245 AD2d 161, 163 [1st Dept 1997], lv denied 91 NY2d 946 [1998]). The court's coercive statements were "all the more serious" in light of its misleading insinuation at the January 25, 2019 appearance that consecutive sentencing would be mandatory after trial (People v Sung Min, 249 AD2d 130, 132 [1st Dept 1998]; see People v Christian [appeal No. 2], 139 AD2d 896, 897 [4th Dept 1988], lv denied 71 NY2d 1024 [1988]). Contrary to the People's contention, the constitutional bar on coercing a guilty plea does not invariably turn on whether the court "utilized language that deduced to an absolute guarantee" of a maximum sentence after trial (see e.g. Rogers, 114 AD3d at 707; Flinn, 60 AD3d at 1305; Wilson, 245 AD2d at 163).
Thus, although defendant failed to preserve his challenge to the voluntariness of his plea, we exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]), and we reverse the judgment, vacate the plea, and remit the matter to County Court for further proceedings on the indictment. We direct that all further proceedings in this case be conducted before a different judge (see e.g. People v Zuniga, 42 AD3d 474, 475 [2d Dept 2007], lv denied 9 NY3d 966 [2007]).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court