People v Mack (2024 NY Slip Op 01409)

People v Mack

2024 NY Slip Op 01409

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, OGDEN, AND GREENWOOD, JJ.

94 KA 20-00918

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TAJMIER M. MACK, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered February 5, 2020. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is reversed as a matter of discretion in the interest of justice, the plea is vacated, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). Defendant contends that his plea was not knowing, voluntary and intelligent because it was coerced, his waiver of the right to appeal is invalid and the police lacked probable cause to arrest him.
Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and thus does not preclude our review of his contention regarding his arrest, we conclude that probable cause existed for defendant's arrest. During the suppression hearing, police officers testified, among other things, that defendant and his codefendant were placed, by means of their ankle monitors, at the locations of burglarized homes. The officers also testified that as part of their investigation they obtained surveillance footage that showed defendant in a pawnshop with property matching items that had been stolen (see generally People v Muhammad, 204 AD3d 1402, 1403 [4th Dept 2022], lv denied 38 NY3d 1073 [2022]; People v Young, 152 AD3d 981, 982-983 [3d Dept 2017], lv denied 30 NY3d 955 [2017]).
Defendant's challenge to the voluntariness of his plea would survive even a valid waiver of the right to appeal (see People v Barzee, 204 AD3d 1422, 1422 [4th Dept 2022], lv denied 38 NY3d 1132 [2022]), and we agree with defendant that his plea was involuntary inasmuch as it was coerced. During the appearance wherein defendant accepted a connected plea offer with his codefendant, Supreme Court informed defendant "there's no way in God's earth that if you're convicted of this crime you're going to get towards the minimum with me." The court also erroneously informed defendant on two occasions that he risked "up to thirty years" in prison by not taking the plea.
Under the circumstances, we agree with defendant that the court's statements did "not amount to a description of the range of the potential sentences but, rather, they constitute[d] impermissible coercion, 'rendering the plea involuntary and requiring its vacatur' " (People v Flinn, 60 AD3d 1304, 1305 [4th Dept 2009]; see People v Rogers, 114 AD3d 707, 707 [2d Dept 2014], lv denied 23 NY3d 1067 [2014]; People v Wilson, 245 AD2d 161, 163 [1st Dept 1997], lv denied 91 NY2d 946 [1998]). The court's coercive statements were "all the more serious" in light of its erroneous statement that defendant was facing serving 30 years in prison (People v Sung Min, 249 AD2d 130, 132 [1st Dept 1998]). Even if the court after trial imposed consecutive sentences for each of the class C felonies with which defendant was charged, by [*2]statute, his sentence would "be deemed to be twenty years" (Penal Law § 70.30 [1] [e] [i]). We conclude that the court's statements signaled that the court intended to treat defendant "very differently as far as the sentence is concerned if he exercised his right to a trial" (Flinn, 60 AD3d at 1305 [internal quotation marks omitted]; see Sung Min, 249 AD2d at 132).
We also note that defendant's plea was a connected plea, which meant that his codefendant would not get the benefit of his plea deal if defendant did not accept his offer. "The inclusion of a third-party benefit in a plea bargain is simply one factor for a . . . court to weigh in making the overall determination whether the plea is voluntarily entered" (People v Fiumefreddo, 82 NY2d 536, 545 [1993] [internal quotation marks omitted]), and connected pleas "present concerns requiring special care" (People v Santos, 244 AD2d 897, 897 [4th Dept 1997]). Special care to ensure that defendant's plea was voluntary was not exercised here, especially in light of defendant's repeated assertion that, as a result of the connected plea, he had "no choice," which adds further support to the conclusion that defendant's plea was involuntary.
Thus, upon reviewing the totality of the circumstances, we conclude that the record establishes that defendant's plea was coerced. Although defendant failed to preserve his challenge to the voluntariness of his plea, we exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]), and we reverse the judgment, vacate the plea, and remit the matter to Supreme Court for further proceedings on the indictment before a different justice.
All concur except Bannister and Greenwood, JJ., who dissent and vote to affirm in the following memorandum: Because we conclude that defendant's contention that his guilty plea was not knowingly, voluntarily and intelligently made is unpreserved and that, under the circumstances of this case, we should not exercise our interest of justice discretion to review that unpreserved contention, we respectfully dissent and would affirm the judgment.
Here, defendant contends that the plea colloquy was inadequate in several respects. He did not, however, move to withdraw his guilty plea or to vacate the judgment of conviction (see People v Terwilliger, 182 AD3d 1044, 1045 [4th Dept 2020], lv denied 35 NY3d 1029 [2020]; People v Jimenez, 177 AD3d 1326, 1326 [4th Dept 2019], lv denied 34 NY3d 1078 [2019]). Further, the narrow exception to the preservation requirement set forth in People v Lopez (71 NY2d 662, 666 [1988]) does not apply. In these circumstances, preservation is required (see CPL 470.05 [2]; Lopez, 71 NY2d at 665).
Under the circumstances of this case, we would decline to exercise our power to review defendant's contention in the interest of justice (see CPL 470.15 [3] [c]). Here, defendant received the same very favorable plea as his codefendant, in the face of strong evidence of his guilt of the various crimes charged in the indictment.
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court