■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL GARAYUA, Appellant. [701 NYS2d 379] —Judgment, Supreme Court, Bronx County (Robert Cohen, J.), rendered May 30, 1995, convicting defendant, after a jury trial, of attempted rape in the first degree, sexual abuse in the first

degree (3 counts) and endangering the welfare of a child, and sentencing him to concurrent terms of 2 to 6 years, three terms of 1 to 3 years, and 1 year, respectively, unanimously affirmed.

There was legally sufficient evidence of guilt on the charge of attempted rape in the first degree (*People v Mahboubian*, 74 NY2d 174, 195). The jury could reasonably infer from the evidence defendant's intent to have intercourse with the victim, based on the surrounding circumstances and on the genital contact that ensued. Moreover, that contact came within " ' "dangerous proximity" ' " of the commission of the rape (*supra*, at 195), since even the slightest penetration would have constituted intercourse (*People v McCray*, 198 AD2d 200, 202, *lv denied* 82 NY2d 927).

The court properly determined that the prosecutor's reasons for challenging two venirepersons were nonpretextual. In regard to one, the prosecutor expressed his concern that the potential juror would be expecting the same type of evidence here as was produced in a prior rape trial in which he served as a juror; in regard to the other, the prosecutor was reluctant to have a juror who had experienced the criminal conviction of someone close to his family.

The record supports the court's determination that the complainant, who was nine years old at the time of the trial, understood the nature of an oath and thus was entitled to testify under oath.

The court's charge concerning the attempted rape count did not direct a finding that the genital contact alleged by the People's evidence necessarily constituted conduct that tended to effect the commission of rape. The court's reference to evidence of the genital contact was no "greater * * * than [was] necessary" to "explain the application of the law to the facts" adduced in this particular case (CPL 300.10 [2]).

The court properly exercised its discretion by precluding defendant from introducing evidence of a prior incident of sexual abuse against the victim, since she had little or no memory of the prior incident and since there was no indication that her "sexual knowledge" was gleaned from that incident. Preclusion of this evidence did not inhibit defendant's ability to cross-examine the girl's mother about her substantial delay in reporting the sexual abuse that defendant was accused of committing.

The court properly allowed the People to admit into evidence an audiotape of defendant's phone calls to the victim's mother, since that evidence served to rebut defendant's position that he had voluntarily left her and that, in turn, she, as a scorned

lover, had caused her daughter to fabricate the sexual abuse story. Since there was no showing of bad faith on the part of the People, and since there was no real surprise involved (defendant himself knew that he had left messages on the mother's answering machine), the court properly declined to preclude the tape as a sanction for its late disclosure. Concur—Rosenberger, J. P., Mazzarelli, Wallach and Saxe, JJ.