■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUNTHER J. FLINN, Appellant. [875 NYS2d 364]—

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered July 31, 2007. The judgment convicted defendant, upon his plea of guilty, of attempted murder in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed as a matter of discretion in the interest of justice and on the law, the plea is vacated, and the matter is

remitted to Jefferson County Court for further proceedings on the indictment.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), defendant contends that the plea was coerced by County Court's statements concerning the potential terms of incarceration in the event that defendant was convicted following a trial. Defendant failed to raise that contention in support of his motion to withdraw the plea, nor did he move to vacate the judgment of conviction on that ground. Defendant thus failed to preserve his contention for our review (*see People v Carlisle*, 50 AD3d 1451 [2008], *lv denied* 10 NY3d 957 [2008]), but we nevertheless exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). At the plea proceeding, the court stated that it would treat defendant "very differently as far as the sentence is concerned" if he exercised his right to a trial and that his sentence after trial would be "nothing like the sentence that [he] would get if [he] stood up and accepted [his] responsibility." The court further stated that defendant was "going to be sentenced [to] substantially longer than" the agreed-upon term of six years of imprisonment if he exercised his right to a trial. We agree with defendant that the court's statements do not amount to a description of the range of the potential sentences but, rather, they constitute impermissible coercion, "rendering the plea involuntary and requiring its vacatur" (*People v Fanini*, 222 AD2d 1111 [1995]; *see People v Stevens*, 298 AD2d 267, 268 [2002], *lv dismissed* 99 NY2d 585 [2003]; *People v Wilson*, 245 AD2d 161, 163 [1997], *lv denied* 91 NY2d 946 [1998]). In light of our decision, we do not address defendant's remaining contentions. Present—Scudder, P.J., Hurlbutt, Martoche, Green and Gorski, JJ.