■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS M. GONZALEZ, Appellant. [878 NYS2d 534]—

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered February 26, 2004. The judgment convicted defendant, upon a nonjury verdict, of attempted sodomy in the first degree, attempted sodomy in the second degree, attempted sexual abuse in the first degree and attempted endangering the welfare of a vulnerable elderly person in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of, inter alia, attempted sodomy in the first degree (Penal Law § 110.00, former § 130.50 [2]), attempted sodomy in the second degree (§ 110.00, former § 130.45 [2]) and attempted sexual abuse in the first degree (§§ 110.00, 130.65 [2]). The conviction arises out of defendant's conduct as a resident aide at a residential facility for persons with dementia and Alzheimer's disease. Defendant contends that the evidence is legally insufficient to support the conviction of attempted sodomy in the first and second degrees and attempted sexual abuse in the first degree because there was no evidence of the victim's physical helplessness or defendant's intent to commit sodomy. By failing to renew his motion for a trial order of dismissal after presenting evidence, defendant failed to preserve that contention for our review (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). In any event, defendant's contention is without merit. The evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), is legally sufficient to establish that the victim was " '[p]hysically helpless' " (Penal Law § 130.00 [7]; *see* former § 130.50 [2]; § 130.65 [2]), i.e., that she had advanced Alzheimer's disease and was "physically unable to communicate unwillingness to an act" (§ 130.00 [7]; *see People v Green*, 298 AD2d 143, 144 [2002], *lv denied* 99 NY2d 559 [2002]). The evidence is also legally sufficient with respect to defendant's intent to commit sodomy. A resident aide supervisor who unlocked the victim's door and observed defendant with the victim provided explicit testimony concerning defendant's sexual acts with the victim, thus establishing that defendant "engage[d] in conduct which tend[ed] to effect the commission" of the crimes (Penal Law § 110.00; *see also People v Garayua*, 268 AD2d 283 [2000], *lv denied* 95 NY2d 796 [2000]). Viewing the evidence in light of the elements of the crimes in

this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Contrary to the contention of defendant, Supreme Court properly allowed several witnesses to testify with respect to prior incidents in which he was found in the presence of patients with his pants undone. Defendant had told the police that his pants had fallen down in the presence of the victim when the button on his pants "suddenly broke," and the evidence of the prior incidents was thus relevant to establish the absence of mistake or accident, as well as intent (*see People v Brown*, 57 AD3d 1461, 1463 [2008]; *see generally People v Allweiss*, 48 NY2d 40, 46-47 [1979]; *People v Molineux*, 168 NY 264, 293-294 [1901]). We reject the further contention of defendant that he was denied effective assistance of counsel based on defense counsel's failure to renew the motion for a trial order of dismissal inasmuch as that motion would have been unsuccessful (*see People v Forsythe*, 59 AD3d 1121, 1123-1124 [2009]). Contrary to the contention of defendant in his pro se supplemental brief, defense counsel's failure to call certain witnesses was a matter of strategy and also did not constitute ineffective assistance of counsel (*see People v Botting*, 8 AD3d 1064, 1066 [2004], *lv denied* 3 NY3d 671 [2004]; *People v Hernandez*, 295 AD2d 989 [2002], *lv denied* 98 NY2d 711 [2002]; *People v Brooks*, 283 AD2d 367 [2001], *lv denied* 96 NY2d 916 [2001]). Viewing the evidence, the law, and the circumstances of this case as a whole and as of the time of the representation, we conclude that defendant received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). The sentence is not unduly harsh or severe. We have examined the remaining contentions of defendant in his pro se supplemental brief and conclude that they are without merit. Present—Hurlbutt, J.P., Martoche, Centra, Pine and Gorski, JJ.