continued truancy of defendant for approximately two months after the death of his grandfather, do not present such extraordinary circumstances. We note that the court carefully considered and was sympathetic with respect to defendant's reason for traveling to India, and we further note that the court imposed a sentence of incarceration in large part because of the failure of defendant to return to the United States during the period of approximately two months following the death of his grandfather. In addition, we note that the court could have imposed a significantly longer term of incarceration than that imposed, and that the court credited defendant for time served such that defendant's actual incarceration was increased only by an additional 69 days, according to the presentence report. By continuing the sentence of probation originally imposed, the majority has in effect permitted defendant to violate the conditions of his probation without consequence. We therefore would affirm the judgment and remit the matter to County Court for proceedings pursuant to CPL 460.50 (5). Present—Scudder, P.J., Smith, Centra, Peradotto and Green, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD C. ROBINSON, Appellant. [881 NYS2d 356]—Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered May 4, 2006. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [former (2)]). Defendant failed to preserve for our review his contention that his guilty plea was coerced by County Court inasmuch as he failed to raise that issue in his motion to withdraw his plea at sentencing and failed to move to vacate the judgment of conviction on that ground (see People v Carlisle, 50 AD3d 1451 [2008], lv denied 10 NY3d 957 [2008]). In any event, we reject defendant's contention. Upon our review of the record, we conclude that the court's discussion of the sentence that defendant could face were he to proceed to trial was properly informative, and was not coercive (see People v Pagan, 297 AD2d 582 [2002], lv denied 99 NY2d 562 [2002]; see also People v Rice, 18 AD3d 351 [2005], lv denied 5 NY3d 768 [2005]). Finally, the bargained-for sentence is not unduly harsh or severe. Present—Smith, J.P., Fahey, Carni, Pine and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFTON A. JACKSON, Appellant. [883 NYS2d 684]—