■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAYSON M. KELLEY, Appellant. [980 NYS2d 850]—

Appeal from a judgment of the Onondaga County Court

(Anthony F. Aloi, J.), rendered June 3, 2010. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree and robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Onondaga County Court for further proceedings on the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the first degree (Penal Law § 140.30 [2]) and robbery in the first degree (§ 160.15 [3]). Pursuant to the terms of the plea agreement, County Court imposed concurrent, determinate terms of incarceration of 20 years. Defendant contends that the court erred in denying his motion to withdraw his guilty plea on the ground that it was coerced by the court's statements concerning the potential terms of incarceration in the event that he was convicted following a trial. We agree with defendant that "the court's statements do not amount to a description of the range of potential sentences but, rather, they constitute impermissible coercion, 'rendering the plea involuntary and requiring its vacatur' " (*People v Flinn*, 60 AD3d 1304, 1305 [2009]; *see People v Fanini*, 222 AD2d 1111, 1111 [1995]). In light of our decision, we do not address defendant's remaining contentions. Present—Scudder, P.J., Smith, Centra, Carni and Whalen, JJ.