# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1076

KA 13-00991

PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JOHNNY BOYDE, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MISHA A. COULSON OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered February 15, 2011. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the first degree, sexual abuse in the second degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed as a matter of discretion in the interest of justice and on the law, the plea is vacated, and the matter is remitted to Onondaga County Court for further proceedings on the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of sexual abuse in the first degree (Penal Law § 130.65 [2]), sexual abuse in the second degree (§ 130.60 [2]), and endangering the welfare of a child (§ 260.10 [1]). Defendant contends that his plea should be vacated on the ground that it was coerced by County Court's statement that it would impose the maximum permissible sentence of imprisonment in the event defendant was convicted following a trial. As the People correctly concede, defendant's contention " 'survives [a] valid waiver of the right to appeal' " (*People v Zimmerman*, 100 AD3d 1360, 1362, *lv denied* 20 NY3d 1015; *see People v Sparcino*, 78 AD3d 1508, 1509, *lv denied* 16 NY3d 746). Although "[d]efendant failed to move to withdraw his plea or to vacate the judgment of conviction and thus failed to preserve for our review his contention that his plea was coerced" (*People v Lando*, 61 AD3d 1389, 1389, *lv denied* 13 NY3d 746; *see People v Boyd*, 101 AD3d 1683, 1683), we exercise our power to review his contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]). We agree with defendant that "the court's statement[] do[es] not amount to a description of the range of the potential sentences but, rather,[it] constitutes impermissible coercion, 'rendering the plea

involuntary and requiring its vacatur' " (*People v Flinn*, 60 AD3d 1304, 1305; *see People v Kelley*, 114 AD3d 1229, 1230).

Entered:  November 14, 2014

Frances E. Cafarell
Clerk of the Court