# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**870**

**KA 14-00717**

PRESENT: WHALEN, P.J., SMITH, LINDLEY, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

SPENCER WILLIAMS, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered November 20, 2013. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Onondaga County Court for further proceedings on the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of manslaughter in the first degree (Penal Law § 125.20 [1]). Pursuant to the terms of the plea agreement, defendant entered his guilty plea in satisfaction of the indictment by which he was charged with, inter alia, murder in the second degree (§ 125.25 [1]), and County Court imposed a determinate term of incarceration of 25 years. During discussions over the plea offer, the court addressed the possibility of a jury convicting defendant of the lesser included offense of manslaughter in the first degree by stating: "[Y]ou wouldn't get any better than 25 [years] if you get a manslaughter. That's a big 'if.' " Defendant contends that the court erred in denying his motion to withdraw his guilty plea on the ground that it was coerced. We agree. "[T]he court's statements do not amount to a description of the range of potential sentences but, rather, they constitute impermissible coercion, rendering the plea involuntary and requiring its vacatur" (*People v Kelley*, 114 AD3d 1229, 1230 [internal quotation marks omitted]; *see People v Boyde*, 122 AD3d 1302, 1302-1303). In light of our decision, we do not address defendant's challenge to the severity of his sentence.

Entered:  November 10, 2016                    Frances E. Cafarell
                                               Clerk of the Court