People v Boyde (2019 NY Slip Op 00789)





People v Boyde


2019 NY Slip Op 00789


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


1403 KA 15-01596

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHNNY BOYDE, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHNNY BOYDE, DEFENDANT-APPELLANT PRO SE.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered July 21, 2015. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the first degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: Defendant was previously convicted upon his plea of guilty of sexual abuse in the first degree (Penal Law § 130.65 [2]), sexual abuse in the second degree (§ 130.60 [2]), and endangering the welfare of a child (§ 260.10 [1]), but on a prior appeal this Court reversed the judgment of conviction, vacated the plea, and remitted the matter to County Court for further proceedings on the indictment (People v Boyde, 122 AD3d 1302, 1302-1303 [4th Dept 2014]). Upon remittal, defendant pleaded guilty to sexual abuse in the first degree (§ 130.65 [2]) in satisfaction of the remaining charges, and he was sentenced to time served. Defendant now appeals, in appeal No. 1, from the judgment of conviction rendered as a result of that plea. In appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of failure to register as a sex offender (Correction Law
§§ 168-f [4]; 168-t).
At the outset, we note that, in appeal No. 2, defendant challenges only the court's risk level determination. It is well settled that "[a] SORA determination is not part of a judgment upon a criminal conviction and may not be reviewed on an appeal from a judgment on a criminal conviction" (People v Kelemen, 44 AD3d 687, 687 [2d Dept 2007], lv dismissed 10 NY3d 804 [2008]; see People v Kearns, 95 NY2d 816, 817 [2000]). Therefore, inasmuch as defendant "has raised no issue that may be decided on an appeal from the judgment" of conviction (Kelemen, 44 AD3d at 687), we dismiss appeal No. 2 (see generally People v Janowsky, 162 AD3d 1699, 1699 [4th Dept 2018]).
In appeal No. 1, we reject defendant's contention in his pro se supplemental brief that his double jeopardy rights were violated because he was prosecuted on the same charges after his prior successful appeal. Where, as here, a defendant is convicted in criminal proceedings that "are subsequently nullified by a court order which restores the action to its pre-pleading status . . . , the nullified proceedings do not bar further prosecution of such offense under the same accusatory instrument" (CPL 40.30 [3]; see generally People v Jackson, 20 NY2d 440, 446 [1967], cert denied 391 US 928 [1968]).
Defendant contends in his main brief in appeal No. 1 that the sentence is illegal because it does not include a mandatory period of postrelease supervision. Initially, we reject the People's [*2]assertion that the contention is moot. "Where the plea bargain includes a sentence which is illegal because the minimum imposed is less than that required by law, . . . the proper remedy is to vacate the sentence and afford the defendant, having been denied the benefit of the bargain, the opportunity to withdraw the plea" (People v Martin, 278 AD2d 743, 744 [3d Dept 2000]; see People v Ciccarelli, 32 AD3d 1175, 1176 [4th Dept 2006]). Consequently, if defendant's sentence is illegal, he would be entitled to withdraw his plea. The record, however, is insufficient for us to address the merits of defendant's contention (see People v Minemier, 124 AD3d 1408, 1409 [4th Dept 2015]). Although defendant is correct that it is illegal for a court to impose a determinate term of incarceration without also imposing a period of postrelease supervision (see generally People v Williams, 14 NY3d 198, 217 [2010], cert denied 562 US 947 [2010]), there is no requirement that postrelease supervision be imposed where a defendant is sentenced to a definite term of incarceration (compare Penal Law
§§ 70.02 [3] [c]; 70.80 [3], [4] [iii]; [6] with §§ 70.00 [4]; 70.02 [2] [b]; 70.80 [4] [c]). Here, defendant had been in custody for several years in both state prison and county jail, but the court merely imposed a sentence of time served without specifying a length of time or whether it was a definite or determinate sentence. Therefore, we hold the case, reserve decision, and remit the matter to County Court for clarification of the sentence imposed.
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court