People v Shields (2020 NY Slip Op 01767)





People v Shields


2020 NY Slip Op 01767


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


208 KA 17-00933

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CINDY SHIELDS, DEFENDANT-APPELLANT. 






PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered December 9, 2016. The judgment convicted defendant upon her plea of guilty of assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed as a matter of discretion in the interest of justice and on the law, the plea is vacated, and the matter is remitted to Oneida County Court for further proceedings on the indictment.
Memorandum: On appeal from a judgment convicting her upon her plea of guilty of assault in the first degree (Penal Law § 120.10 [1]), defendant contends that her plea was not knowingly, voluntarily, and intelligently entered because County Court threatened to impose a greater sentence in the event of a conviction following trial. Although that contention survives defendant's valid waiver of the right to appeal (see People v Garner, 111 AD3d 1421, 1421 [4th Dept 2013], lv denied 23 NY3d 1036 [2014]), defendant failed to move to withdraw her plea or to vacate the judgment of conviction and thus failed to preserve her contention for our review (see People v Kelly, 145 AD3d 1431, 1431 [4th Dept 2016], lv denied 29 NY3d 949 [2017]; People v Flinn, 60 AD3d 1304, 1305 [4th Dept 2009]). Nevertheless, we exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [a]).
At an appearance prior to the plea proceeding, the court stated that, if defendant decided to reject the plea offer and was convicted after trial, it intended to impose the maximum sentence on the top count and consecutive time on an unnamed additional count. At that same appearance, the court said that defendant and her codefendants, who were her sister and brother-in-law, would also be federally prosecuted and that "the evidence is overwhelming here." It is well settled that "[a] defendant may not be induced to plead guilty by the threat of a heavier sentence if he [or she] decides to proceed to trial" (People v Christian [appeal No. 2], 139 AD2d 896, 897 [4th Dept 1988], lv denied 71 NY2d 1024 [1988]; see People v Boyd, 101 AD3d 1683, 1683 [4th Dept 2012]). Here, we agree with defendant that "the court's statements do not amount to a description of the range of the potential sentences but, rather, they constitute impermissible coercion, rendering the plea involuntary and requiring its vacatur' " (Flinn, 60 AD3d at 1305; see People v Kelley, 114 AD3d 1229, 1230 [4th Dept 2014]). Consequently, we reverse the conviction, vacate the plea, and remit the matter to County Court for further proceedings on the indictment.
In light of our determination, we do not address defendant's remaining contentions.
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court