People v Thigpen-Williams (2021 NY Slip Op 05429)





People v Thigpen-williams


2021 NY Slip Op 05429


Decided on October 8, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


795 KA 19-00166

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHARLES THIGPEN-WILLIAMS, ALSO KNOWN AS CHARLES GUS THIGPEN WILLIAMS, ALSO KNOWN AS "GUS," ALSO KNOWN AS "GUSTO," DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALLYSON KEHL-WIERZBOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Charles N. Zambito, J.), rendered November 19, 2018. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed as a matter of discretion in the interest of justice and on the law, the plea is vacated, and the matter is remitted to Genesee County Court for further proceedings on the indictment.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]), defendant contends that his plea was rendered involuntary due to statements made by County Court during the plea colloquy indicating that the court would impose the maximum sentence and direct that it run consecutively to a previously imposed sentence if he were convicted at trial. Although defendant's contention that his plea was coerced and thus was not voluntary survives even a valid waiver of the right to appeal (see People v Dozier, 59 AD3d 987, 987 [4th Dept 2009], lv denied 12 NY3d 815 [2009]), he failed to preserve it for our review by way of a motion to withdraw his plea or to vacate the judgment of conviction on that ground (see People v Boyd, 101 AD3d 1683, 1683 [4th Dept 2012]; People v Hall, 82 AD3d 1619, 1619 [4th Dept 2011], lv denied 16 NY3d 895 [2011]). We nevertheless exercise our power to review the contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]; People v Flinn, 60 AD3d 1304, 1305 [4th Dept 2009]).
With respect to the merits, it is well settled that a defendant "may not be induced to plead guilty by the threat of a heavier sentence" if he or she decides to proceed to trial (People v Juarbe, 162 AD3d 1625, 1626 [4th Dept 2018] [internal quotation marks omitted]; see People v Williams, 144 AD3d 1529, 1529 [4th Dept 2016]). Here, as the People correctly concede, the court's comments about sentencing were not merely a description of the range of the potential sentences; instead, they conveyed to defendant the court's intent to impose the maximum punishment at sentencing if he proceeded to trial and lost. That constitutes coercion, rendering the plea involuntary (see Williams, 144 AD3d at 1529). We therefore reverse the judgment, vacate the plea and remit the matter to County Court for further proceedings on the indictment.
Entered: October 8, 2021
Ann Dillon Flynn
Clerk of the Court