People v Moss (2021 NY Slip Op 07394)





People v Moss


2021 NY Slip Op 07394


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


925 KA 17-00230

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DWIGHT MOSS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BENJAMIN L. NELSON OF COUNSEL), FOR DEFENDANT-APPELLANT.
DWIGHT MOSS, DEFENDANT-APPELLANT PRO SE.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DEREK HARNSBERGER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Christopher S. Ciaccio, J.), rendered January 25, 2017. The judgment convicted defendant upon a nonjury verdict of sexual abuse in the first degree and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence, and as modified the judgment is affirmed, and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon a nonjury verdict of, inter alia, sexual abuse in the first degree (Penal Law § 130.65 [3]), defendant contends in his main brief that County Court erred in allowing the victim to testify about a prior, uncharged incident of sexual abuse allegedly perpetrated by defendant inasmuch as that testimony was not relevant to absence of mistake, to motive, or as background information (see generally People v Molineux, 168 NY 264, 293 [1901]; People v Workman, 56 AD3d 1155, 1156 [4th Dept 2008], lv denied 12 NY3d 789 [2009]). Defendant failed to preserve his contention for our review inasmuch as he did not raise it before the trial court (see People v Case, 197 AD3d 985, 987 [4th Dept 2021]). In any event, we conclude that the court properly allowed the victim to testify about the earlier incident of alleged abuse because it is relevant to the absence of mistake (see People v Chrisley, 126 AD3d 1495, 1495 [4th Dept 2015], lv denied 26 NY3d 1007 [2015]; People v Gonzalez, 62 AD3d 1263, 1265 [4th Dept 2009], lv denied 12 NY3d 925 [2009]). Here, it was alleged that defendant "pinched" and "rubbed" the seven-year-old victim's vagina while participating in a "tickle fight" with her and her brothers. It would be reasonable to infer based on the victim's testimony concerning that event alone that any inappropriate touching of the victim was a mistake or was accidental. Evidence that defendant had touched the victim inappropriately on a prior occasion while playing with her and her brothers would tend to show that his conduct was not accidental, and thus, the evidence of the prior, alleged incident was "relevant to establish the absence of mistake or accident, as well as intent" (Gonzalez, 62 AD3d at 1265).
Contrary to defendant's contentions in his pro se supplemental brief, we conclude that the conviction is supported by legally sufficient evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]) and, upon viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Contrary to the further contention in defendant's main and pro se supplemental briefs, viewing the evidence, the law, and the circumstances of this case in totality and as of the time of representation, we conclude that defendant received effective assistance of counsel (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant further contends in his pro se supplemental brief that the court erred in sentencing him as a second child sexual assault felony offender without holding a hearing. We agree. Because defendant did not controvert the existence of the predicate conviction of course of sexual conduct against a child in the second degree, it was incumbent upon him "to allege and prove facts to establish his claim that the conviction was unconstitutionally obtained" (People v Konstantinides, 14 NY3d 1, 15 [2009]; see CPL 400.19; see also People v Farmer, 136 AD3d 1410, 1413 [4th Dept 2016], lv denied 28 NY3d 1027 [2016]). Here, defendant stated that the court in the prior proceeding coerced him into pleading guilty to a reduced charge by threatening to impose the maximum sentence if he were convicted after a trial. "[A] threat to impose a maximum sentence if the defendant is convicted goes beyond a description of the possible sentencing exposure and has consistently been held impermissibly coercive" (People v Fisher, 70 AD3d 114, 117 [1st Dept 2009]; see People v Boyde, 122 AD3d 1302, 1302-1303 [4th Dept 2014]; People v Kelley, 114 AD3d 1229, 1230 [4th Dept 2014]). Thus, defendant's representations here constitute a claim that his plea of guilty to course of sexual conduct against a child had been coerced, thereby entitling him to a hearing on the constitutionality of that guilty plea (see People v Mack, 203 AD2d 131, 132-133 [1st Dept 1994]; see generally Konstantinides, 14 NY3d at 14-15). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for further proceedings.
Finally, we have considered the remaining contentions raised by defendant in his pro se supplemental brief and conclude that none warrants further modification or reversal of the judgment.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court