People v Moss (2025 NY Slip Op 01673)

People v Moss

2025 NY Slip Op 01673

Decided on March 20, 2025

Court of Appeals

Singas, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2025

No. 28 

[*1]The People & c., Respondent,
v
Dwight Moss, Appellant.

David R. Juergens, for appellant. 
Martin P. McCarthy, II, for respondent.

SINGAS, J.

:
The Sex Offender Registration Act (SORA) Guidelines call for an automatic "override" to a presumptive risk level three classification if "[t]he offender has a prior felony conviction for a sex crime" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [Guidelines], override 1 [2006]). Here, the SORA court applied this override in light of defendant's undisturbed prior felony sex crime conviction. We agree that the override applies and therefore affirm.
I.
Defendant has been convicted of a series of sex crimes, including the offense that triggered the override at issue here. In 1995, defendant pleaded guilty to sexual misconduct for raping a 13-year-old child when he was 25 years old. In 2006, defendant pleaded guilty to course of sexual conduct against a child in the second degree for sexually abusing a child on more than 10 occasions starting in 2004, when the victim was 10 years old, and ending in January 2006. During that time, defendant impregnated the victim and then arranged for an abortion. In 2007, defendant pleaded guilty to forcible touching for fondling a 15-year-old girl's genitals while masturbating. And in 2016, defendant was convicted of sexual abuse in the first degree and endangering the welfare of a child stemming from incidents when, while babysitting his seven-year-old relative, he touched her genitals and masturbated in her presence.
In the 2016 criminal action, defendant was originally sentenced as a second child sexual assault felony offender (see CPL 400.19), with his 2006 felony conviction serving as the predicate for the enhanced sentence. On appeal, defendant argued that the 2006 conviction was constitutionally infirm and thus could not serve as a predicate for purposes of sentencing (see id. § 400.19 [6] [c]). The prior conviction's constitutionality was not reviewed on direct appeal in the 2006 action, because defendant did not timely file a notice of appeal and the Appellate Division then denied defendant's pro se motion to take a late appeal under CPL 460.30 (see People v Moss, 2008 NY Slip Op 64992[U] [4th Dept 2008]). To date, defendant has not filed any other motion challenging the 2006 conviction. However, the Appellate Division vacated defendant's sentence in the 2016 action and remitted for a hearing to determine whether his 2006 guilty plea was unconstitutionally obtained, based on defendant's statement at sentencing that the court in the 2006 action "coerced him into pleading guilty to a reduced charge by threatening to impose the maximum sentence if he were convicted at trial" (People v Moss, 200 AD3d 1662, 1664 [4th Dept 2021]).
At the ensuing hearing, the resentencing court stressed that it was empowered to assess the constitutionality of defendant's 2006 guilty plea "only for the purpose of using it to establish [defendant] as a second child sexual assault felony offender" in the 2016 criminal case, and that the court lacked authority to vacate the 2006 plea. The court ultimately determined that the 2006 conviction could not be used as a sentencing predicate because defendant had put forth substantial evidence that his 2006 guilty plea was unconstitutionally coerced (see People v Harris, 61 NY2d 9, 15-16 [1983]).[FN1] The court therefore resentenced defendant as a first felony offender.
In anticipation of defendant's release from prison, the Board of Examiners of Sex Offenders (Board) prepared a risk assessment instrument assessing him 65 points, which would result in a presumptive risk level one classification (see Correction Law § 168-l [6]; Guidelines at 3). The Board also determined that under the Guidelines, "the fact that [defendant] has a prior felony sex crime conviction automatically results in a presumptive risk [l]evel [three]" classification, pursuant to the override that applies if the offender "has a prior felony conviction for a sex crime" (Guidelines, override 1). The Board did not recommend departing from this presumptive classification, reasoning that defendant's 2016 offense "represents his fourth sex crime conviction and despite prior detection and sanctioning, his sexually offending behavior has persisted."
Before the SORA court, defendant argued that the 2006 conviction does not trigger the override, asserting that his 2006 guilty plea had been deemed unconstitutional at his resentencing in the 2016 criminal case. Defendant did not alternatively request a downward departure from his presumptive risk level three classification in the event the SORA court applied the override. The People countered that the resentencing court had not overturned defendant's 2006 conviction, and that the override must be applied because the conviction remains on defendant's criminal record. In the alternative, the People requested an opportunity to seek an upward departure.
The SORA court applied the override and designated defendant a level three sexually violent predicate sex offender. It held that the override applies automatically because defendant's 2006 felony sex offense conviction was neither "vacate[d]" nor "overturn[ed]." The court declined to depart from defendant's resulting presumptive risk level three classification, noting that defendant had not sought a downward departure.
The Appellate Division affirmed "for reasons stated in the [SORA court's] decision" (222 AD3d 1451 [4th Dept 2023]). We granted defendant leave to appeal (see 41 NY3d 999 [2024]) and now affirm.
[*2]II.
SORA's underlying purpose is "to protect the public from sex offenders" (People v Mingo, 12 NY3d 563, 574 [2009]; see also e.g. People v Windham, 10 NY3d 801, 802 [2008] [SORA imposes "a collateral consequence of a conviction for a sex offense designed not to punish, but rather to protect the public"]). To that end, SORA directs the Board to "develop guidelines . . . to assess the risk of a repeat [sexual] offense . . . and the threat posed to the public safety" (Correction Law § 168-l [5]), and requires that the Guidelines "be based upon" non-exhaustive factors including "the number, date and nature of [the offender's] prior offenses" (id. § 168-l [5] [b] [iii]). The Guidelines' function is to advance SORA's goal of generating "an accurate determination of the risk a sex offender poses to the public" (Mingo, 12 NY3d at 574). We afford "careful consideration to the Board's interpretation of th[e] Guidelines," recognizing the Board's legislative mandate to promulgate them and the Board's subject matter expertise (People v Cook, 29 NY3d 121, 129 [2017]).
A defendant can utilize several legal avenues to contest a conviction. They can directly challenge the conviction by moving to vacate it under CPL 440.10, including, as relevant here, by arguing that the conviction was obtained "by duress, misrepresentation or fraud on the part of the court" (CPL 440.10 [1] [b]) or in violation of their constitutional rights (see id. § 440.10 [1] [h]). They can also argue on direct appeal that the conviction is unconstitutional or otherwise infirm (see id. § 450.10 [1]). These are the remedies that the legislature has provided for a defendant wishing to unwind a criminal conviction. However, after the Appellate Division denied defendant's motion to file a late notice of appeal, defendant did not move to vacate his conviction under CPL 440.10, including on grounds of ineffective assistance of counsel (see id. § 440.10 [1] [h]), and we cannot speculate as to the outcome of such a motion had he chosen to file one. Nor did defendant request a downward departure at the SORA hearing based on the conviction's asserted unconstitutionality—a discretionary remedy available under SORA if the offender adequately demonstrates "mitigating circumstances" that are "not adequately taken into account by the [G]uidelines" (People v Gillotti, 23 NY3d 841, 861 [2014]). Indeed, this case's unusual facts would seem to present the type of circumstance that a SORA court could properly consider in deciding whether to depart from an offender's presumptive classification. Defendant instead has chosen to challenge his 2006 conviction in the instant civil context, thus retaining the terms and benefits of his plea deal in the 2006 action, while at the same time claiming that his 2006 guilty plea was unconstitutional for SORA and resentencing purposes only.
Defendant's reliance on the resentencing court's collateral determination that his 2006 conviction cannot be used as a predicate to impose an enhanced sentence is misplaced. As the resentencing court explained, it lacked authority to vacate the 2006 conviction and instead properly stressed that its determination governed only the question of whether the People could use the conviction to establish defendant's status as a second child sexual assault felony offender for purposes of sentencing. Furthermore, at the resentencing hearing, defendant bore the burden of offering substantial evidence that the 2006 conviction is constitutionally infirm (see Harris, 61 NY2d at 15-16). If defendant directly challenged the conviction's constitutionality, however, he would face a higher burden of proof (see People v Sosa, 28 NY3d 965, 966 [2016] [appellate courts assess under "the totality of the circumstances" a defendant's claim that their plea was involuntary]; CPL 440.30 [6] [a defendant moving to vacate their conviction "has the burden of proving by a preponderance of the evidence every fact essential to support the motion"]). No court has determined that defendant's 2006 conviction is unconstitutional or otherwise invalid under that more demanding standard. Nor have the People had an opportunity to be heard in opposition to defendant's attempt to make such a showing. Against this backdrop, it is logical for the Guidelines to require an offender with a prior felony sex offense conviction to satisfy the higher evidentiary burden that they must meet to vacate or reverse that conviction, if they wish to avoid the override's application.
Given that defendant failed to pursue any procedural pathway to vacate the 2006 conviction, we see no reason to depart from the Guidelines' text stating that the override is triggered if "[t]he offender has a prior felony conviction for a sex crime" (Guidelines, override 1). We therefore apply the Guidelines and hold that the override was properly implemented (see Cook, 29 NY3d at 128-129; Johnson, 11 NY3d at 420-421).
Defendant's other contentions lack merit or are unpreserved for our review.
Accordingly, the order of the Appellate Division should be affirmed, without costs.
Order affirmed, without costs. Opinion by Judge Singas. Chief Judge Wilson and Judges Rivera, Garcia, Cannataro, Halligan and Webber concur. Judge Troutman took no part.
Decided March 20, 2025

Footnotes

Footnote 1: Defendant argued that his 2006 guilty plea was unconstitutionally coerced based on both the trial court's threat to impose a 50-year sentence if he were convicted at trial, and the trial court's denial of his request for more time to discuss the People's plea offer with his family.